STATE OF WEST VIRGINIA

FILED

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PHILIP B. TULLY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0984** (BOR Appeal Nos. 2049280, 2049281)
(Claim No. 2013008121)

**GINO'S,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Philip B. Tully, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Gino's, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 29, 2014, in which the Board reversed and vacated an April 30, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the February 7, 2013, claims administrator's decision granting Mr. Tully a 0% permanent partial disability award and instead remanded the claim for another evaluation after Mr. Tully reaches maximum medical improvement. In its Order, the Board of Review also affirmed, in part, and reversed, in part, a February 27, 2014, Office of Judges' Order and reinstated the May 1, 2013, claims administrator's decision. In its February 27, 2014, Order, the Office of Judges affirmed October 11, 2012; January 7, 2013; and February 8, 2013, claims administrator's decisions denying temporary total disability benefits, denying an MPU Duplex Carotid and MRA of the head, and closing the claim for temporary total disability benefits. The Office of Judges reversed a May 1, 2013, claims administrator's decision denying a cervical MRI and follow-up appointments at Holzer Clinic and instead authorized the MRI and at least one follow-up appointment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Tully, a delivery driver, was injured in the course of his employment on September 21, 2012, when he was in a motor vehicle accident. The claim was held compensable for neck sprain, and he was released to return to work on modified duty. The claims administrator denied a request for temporary total disability benefits on October 11, 2012. Mr. Tully was treated for the injury by Nathaniel Majoris, D.C., who diagnosed neck sprain. He noted that Mr. Tully was experiencing spasms, a buzzing sensation, and tunnel vision when he twisted his neck a certain way. He requested an MPU Duplex Carotid and an MRA of the head to investigate a possible carotid or vertebrobasilar artery pathology. The claims administrator denied the request on January 7, 2013.

Marsha Bailey, M.D., performed an independent medical evaluation on December 10, 2012, in which Mr. Tully reported a history of back injury with chronic pain, mostly in the neck and back of the head. She opined that he has diagnoses of highly unusual complaints such as high pitched tones, nausea, and tunnel vision that are unrelated to his compensable injury. She stated that his complaints are not the result of a cervical sprain/strain. She noted that Mr. Tully denied lower back pain twice during the evaluation. She opined that he can return to work with no restrictions and stated that he asserted during the evaluation that he believed he could return to work. She further opined that Mr. Tully required no further treatment of any kind for the compensable injury. She assessed 0% whole person impairment. Based on her evaluation, the claims administrator granted Mr. Tully a 0% permanent partial disability award on February 7, 2013. The claims administrator also denied a request for a cervical MRI and follow-up appointments at Holzer Clinic on May 1, 2013.

On March 13, 2013, Mr. Tully testified in a deposition that he was rear ended while delivering pizzas. He stated that he went back to work after the accident but got progressively stiffer as the day went by and left work early. He sought treatment the following day. At that time, he was experiencing soreness between his shoulder blades and in his neck. He also experienced nausea and a feeling of fainting when he turned his head too far. He testified that he had a neck injury in 2009 when he fell approximately eight feet and landed on his head. Mr. Tully testified that he attempted to return to work shortly after the injury but that his employer took his name off of the schedule. He asserted that he turned in his uniform because the only work Gino's had for him involved him sitting at work and waiting to see if they had extra deliveries. Kathy Veres, the direct supervisor at Gino's asserted in an affidavit that three days after the injury, Mr. Tully voluntarily removed himself from the work schedule and turned in his uniform. Gino's would have accommodated light duty work for him. She stated that he could have driven the company car to make deliveries or done other work at the restaurant, and he would have been paid while he was there.

On February 27, 2014, the Office of Judges affirmed the claims administrator's decisions denying temporary total disability benefits and closing the claim for temporary total disability benefits. It found that Mr. Tully testified he was removed from the work schedule following his compensable injury because his car was totaled. The Office of Judges determined that his

2

testimony was credible; however, it did not indicate that he was temporarily and totally disabled from working. He had some restrictions from overhead lifting, but nothing that would affect his ability to perform his job duties. The Office of Judges concluded that since he was not temporarily and totally disabled, he was not entitled to temporary total disability benefits regardless of the situation with his employer. The Office of Judges also affirmed the claims administrator's denial of an MPU Duplex Carotid and MRA of the head. The tests were requested by Dr. Majoris, a chiropractor, to evaluate a possible carotid or vertebrobasilar artery pathology. The Office of Judges found that Dr. Bailey opined in her independent medical evaluation that Mr. Tully's complaints were highly unusual and unrelated to the compensable car wreck. She recommended a neurology consultation before the tests were performed; however, she specified that the consultation should be conducted under his private insurance because the tests were not necessary for the compensable injury. The Office of Judges determined that her opinion was credible and reliable. It found that she is more qualified to speak on the matter as she is a medical doctor and Dr. Majoris is a chiropractor. The Office of Judges concluded that if Mr. Tully has artery problems, they would not be related to the compensable injury.

In its Order, the Office of Judges also reversed the claims administrator's denial of a cervical MRI and follow-up appointment. It found that the decision was based on Dr. Bailey's independent medical evaluation. Dr. Bailey found that Mr. Tully sustained a sprain/strain to his cervical spine as a result of the injury. She noted that he had a prior neck injury in 2009, and the Office of Judges stated that he had a history of neck problems dating to at least 2003, when an MRI showed diffuse disc protrusions. The Office of Judges determined that the fact that he had prior problems does not preclude him from appropriate treatment for neck symptoms arising from the compensable injury. Even though Dr. Bailey opined that no further treatment was necessary for the compensable injury, the Office of Judges found that her own findings could reasonably support the need for a cervical MRI. Mr. Tully has continued neck complaints that have not resolved. The Office of Judges stated that since he was in a fragile state in regard to his neck prior to the accident, a persuasive case is made that it should be investigated whether the accident did further damage or exacerbated his pre-existing condition. It therefore concluded that an MRI and at least one follow-up visit were reasonable.

In its April 30, 2014, Order, the Office of Judges reversed the claims administrator's grant of a 0% permanent partial disability award and remanded the claim for an impairment rating once Mr. Tully reached maximum medical improvement. It noted that on February 27, 2014, the Office of Judges authorized a cervical MRI in this claim. Therefore, while Dr. Bailey found Mr. Tully was at maximum medical improvement, the ruling in the prior Order was contrary to her opinion. Dr. Bailey examined him and found he qualifies for 4% impairment under Table 75 Category II-B of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). However, she placed him in Cervical Category I of West Virginia Code of State Rules § 85-20-Table E (2006) and adjusted the rating to 0% impairment. She also rated the thoracic spine, a non-compensable body part. The Office of Judges noted that she found that it was reasonable to assume that Mr. Tully injured his neck in the automobile accident. However, she did not sufficiently explain why she placed him in Cervical Category I and assessed 0% impairment. She also did not explain why she rated the thoracic spine. The Office of Judges determined that Dr. Bailey evaluated Mr. Tully less than

three months after the compensable injury. Given that his injury was superimposed upon prior neck injuries, it found that it was reasonable to expect him to take longer than usual to fully recover. The Office of Judges found that Dr. Bailey's finding of maximum medical improvement was undermined by the authorization of a cervical MRI following her report. The Office of Judges therefore found that Dr. Bailey's impairment rating was premature and that Mr. Tully should be referred for another assessment following his MRI and further treatment as necessary.

On August 29, 2014, the Board of Review reversed the Office of Judges' Order regarding the authorization of a cervical MRI as well as a follow-up visit and the remanding of the case for another impairment assessment. The Board of Review determined that the Office of Judges substituted its own judgment for the opinion of the experts as there is no medical record that recommends a cervical MRI. Based on Mr. Tully's history, medical records, and the preponderance of the evidence standard, the Board of Review found that a cervical MRI is not necessary or reasonable for the compensable injury. The Board of Review further found that Dr. Bailey's report was relevant, credible, material, and reliable. The evidence was determined to establish that Mr. Tully suffered no permanent impairment as a result of the compensable injury. The remainder of the Office of Judges' Order was affirmed.

On appeal, Mr. Tully argues that he had not reached maximum medical improvement when Dr. Bailey evaluated him. He asserts that the Office of Judges correctly found that her recommendation was not well explained. He further argues that the MRI results contradicted Dr. Bailey's finding. Gino's asserts that Mr. Tully has a longstanding history of substantial cervical spine problems. It argues that he presented no evidence showing that the requested MRI is necessary for the compensable injury. It further asserts that the only evidence regarding permanent partial disability was Dr. Bailey's report in which she found he had reached maximum medical improvement, required no further treatment for the compensable injury, and had no permanent impairment.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Tully had multiple pre-existing cervical problems. The actual request for a cervical MRI was not submitted into the record. There is no physician of record that stated that a cervical MRI was necessary for the compensable injury. It is therefore impossible to know why the cervical MRI was requested so it was properly denied. The Office of Judges' reversal of the 0% permanent partial disability award was largely predicated on its authorization of the cervical MRI, which was incorrect. The only evidence of record regarding permanent partial disability was Dr. Bailey's independent medical evaluation. Her report was thorough, and the Board of Review was correct to rely on it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II